UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED,

        Plaintiff,

v.

CIBA VISION CORPORATION,

        Defendant.

**DECLARATION OF LAURA W. SMALLEY IN SUPPORT OF MOTION TO FILE UNDER SEAL**

Civil Action No. 07-6575CJS

I, Laura W. Smalley, make this declaration under penalty of perjury and pursuant to 28 U.S.C. §1746, and declare the following to be true:

    1. I am an attorney with the law firm of Harris Beach PLLC, attorneys for plaintiff Bausch & Lomb Incorporated ("B&L"). I make this declaration in support of B&L's amended motion pursuant to Local Rule 5.4 for an order directing that Exhibit "A" and portions of certain paragraphs of its Complaint be filed under seal.

    2. The Complaint references two agreements: (1) a Common Interest Agreement between B&L and defendant CIBA Vision Corporation ("CIBA"), and (2) an agreement between B&L and Rembrandt Vision Technologies, LP ("Rembrandt"). As outlined below, these agreements are confidential and have been filed under seal in pending litigation in the United States District Court for the Eastern District of Texas. B&L therefore requests that the following be filed under seal: (1) Exhibit "A" to its Complaint, which is the Common Interest Agreement between B&L and CIBA, and (2) portions of certain paragraphs of its Complaint that refer to the agreements at issue. The proposed redactions to the Complaint (at ¶¶9-16, 18, 33, 43 and 47-48) are shown in the redacted Complaint attached as Exhibit "1" to the proposed order submitted to the Court.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

3.  The Common Interest Agreement provides that neither party to the Agreement shall rely on confidential materials in any fashion that could bring those materials into evidence. (Common Interest Agreement at ¶4, Exh. "A" to Complaint filed Nov. 20, 2007).

4.  The Common Interest Agreement further provides that the Agreement is to be afforded the full scope of protection provided by the Federal Rules of Evidence, including Rule 408, which limits the admissibility of settlement-related evidence. (Common Interest Agreement, at ¶12, Exh. "A" to Complaint filed Nov. 20, 2007).

5.  The Common Interest Agreement was produced in the litigation pending in the Eastern District of Texas under the Stipulated Protective Order in place in that action. The terms of the Stipulated Protective Order provide that written material constituting or revealing Confidential information shall be filed with the Court under seal and access to such materials is limited to the Court, counsel of record, and other persons authorized to access the contents pursuant to the Order. (Stipulated Protective Order in Civil Action No. 2:05-cv-491, attached as Exhibit "A", at §12).

6.  Upon information and belief, CIBA submitted a copy of the Common Interest Agreement under seal pursuant to the Protective Order on its recent motion to modify that Order filed in the Eastern District of Texas. A copy of the docket entry relating to that motion, made on October 22, 2007, is attached as Exhibit "B". Neither the plaintiff nor B&L objected to the filing of the Common Interest Agreement under seal. The parties have therefore treated the Common Interest Agreement as "Confidential" in the Eastern District of Texas and production of the Agreement has been limited to the parties to that litigation and the Court.

7.  As such, B&L requests that this Court likewise permit B&L to file the Common Interest Agreement under seal consistent with its obligations under that Agreement and

consistent with the manner in which the Common Interest Agreement was produced and referenced in the Eastern District of Texas. B&L therefore requests that: (1) Exhibit "A" to its Complaint be filed under seal, and (2) portions of paragraphs 9-14, 43 and 47-48 of the Complaint also be filed under seal because they refer to the terms of the Common Interest Agreement. The proposed redactions are shown on Exhibit "1" to the proposed order submitted to the Court.

8. The agreement between B&L and Rembrandt, the relevant pages of which are attached as Exhibit "C", provides that the "existence or terms of this [a]greement" shall not be disclosed except under certain conditions not applicable here. (Exh. "C" at ¶8.2). The agreement with Rembrandt was produced in the litigation pending in the Eastern District of Texas as "Confidential" under the Stipulated Protective Order. Further, upon information and belief, CIBA filed that agreement under seal on its motion to modify the Protective Order. (Ex. "B", 10/22/07 Docket Entry for "Sealed Patent Motion"). At an October 24, 2007 pre-trial conference in the Texas litigation, Rembrandt stated that the agreement is "proprietary" and objected to the agreement being made public. A transcript of the proceeding is attached as Exhibit "D" (*see* p. 14, ll. 12-20). Rembrandt has therefore treated the agreement as "Confidential" in the Eastern District of Texas and production of the agreement has been limited to the parties to that litigation and the Court.

9. As such, B&L requests that portions of paragraphs 15, 16, 18 and 33 of the Complaint be filed under seal because they refer to the existence and/or terms of the agreement with Rembrandt. The proposed redactions are shown on Exhibit "1" to the proposed order submitted to the Court.

**WHEREFORE,** B&L requests that this Court issue an order directing that Exhibit "A" and certain portions of paragraphs 9-16, 18, 33, 43 and 47-48 of its Complaint be filed under seal as

shown on Exhibit "1" to the proposed order submitted to the Court and that those materials remain sealed until further order of the Court or application of the parties.

Dated: Pittsford, NY
       November 27, 2007

                                        _s/Laura W. Smalley_____
                                        LAURA W. SMALLEY

231865 926682.1