EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

**Rembrandt Vision Technologies, L.P.,**

**Plaintiff,**

v.

1. **Bausch & Lomb Incorporated,**
2. **CIBA Vision Corporation**

**Defendants.**

**Civil Action No. 2:05-cv-491 [TJW]**

**DEMAND FOR JURY TRIAL**

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

WHEREAS, Plaintiff Rembrandt Vision Technologies, L.P. ("Rembrandt"), and

Defendants Bausch & Lomb Incorporated ("Bausch & Lomb) and CIBA Vision Corporation

("CIBA"), through counsel, stipulate to entry of this Protective Order ("Order") pursuant to Fed.

R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information;

and

WHEREAS, the parties recognize that confidential information is being produced for use

in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party") to any other party

("Receiving Party") in the course of this civil action:

1.　　　The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information may be contained in

328713.02

discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. Only Confidential Information that contains, embodies, or reflects technical information, profits, costs, margins, customer lists, or currently implemented or not yet implemented marketing plans and analyses may be designated by the Producing Party as "Highly Confidential Information." The Confidential Information or Highly Confidential Information contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information or Highly Confidential Information shall also be treated respectively as Confidential Information or Highly Confidential Information.

2.     Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of preparation and trial of this action and no other purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Stipulated Protective Order. This includes, but is not limited to, precluding persons to whom Confidential Information or Highly Confidential Information is disclosed from applying for letters patent based, in whole or in part, upon or containing any Confidential Information or Highly Confidential Information, using the Confidential Information or Highly Confidential Information in the prosecution of any continuations, continuations-in-part, divisionals or foreign counterparts of the patent in issue in this litigation, or applications that claim priority based, in whole or part, on the patents in issue, from publishing any Confidential Information or Highly Confidential Information or providing it to any U.S. or foreign patent office, or from using any Confidential Information or Highly Confidential Information in its business, including but not limited to, its

research, design or product development work, or marketing. The obligations contained in this paragraph do not apply to information labeled Confidential or Highly Confidential that: (a) at the time of its disclosure in this action is part of the public domain by reason or publication or otherwise; (b) after its disclosure in this action has become part of the public domain by reason of publication or otherwise through no act, omission or fault of the Receiving Party; (c) at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure.

3.    Produced documents, interrogatory responses, responses to requests for admission and other documents, or any portions thereof, containing Confidential Information shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL," on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). Confidential Information further deemed by the Producing Party to be Highly Confidential Information subject to the provisions of this Stipulated Protective Order shall be so designated by affixing thereon the legend HIGHLY CONFIDENTIAL. Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to the receiving party. All documents, or any portion thereof, produced for inspection (but copies of which have not yet provided to the inspecting party) shall

be presumptively deemed to contain Highly Confidential Information subject to the provisions of this Stipulated Protective Order, regardless of whether so identified by the legend HIGHLY CONFIDENTIAL until copies thereof are provided to the inspecting party. Any information, document or thing that bears both designations of Confidential Information or Highly Confidential Information must be treated as Highly Confidential Information. The parties may designate material other than the produced documents as containing Confidential Information or Highly Confidential Information in the following manner:

(a)    Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Highly Confidential Information.   Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-house counsel only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential. With regard to

4

designations made during the deposition, the designating party shall have the right to have all

persons, except the deponent and its counsel, outside counsel of record for named parties, the

court reporter, and such other persons bound by this Stipulated Protective Order and authorized

as having access under such designation, excluded from a deposition, or any portion thereof,

before the taking of testimony which has been designated as Confidential Information or Highly

Confidential Information under this Stipulated Protective Order.

      (b)     Confidential Information or Highly Confidential Information

contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action

may be designated as Confidential Information or Highly Confidential Information by indicating

on the face of such documents that one or more parties considers them to contain Confidential

Information or Highly Confidential Information.

      4.    (a)     No information, documents or things identified as Confidential

Information or Highly Confidential Information shall be disclosed to any person or entity except

as set forth in this Stipulated Protective Order.  Nothing contained in this Stipulated Protective

Order shall affect the right of the Producing Party to disclose or use for any purpose the

information, documents or things produced and/or designated by it as Confidential Information

or Highly Confidential Information.  Subject to the provisions of paragraph 5 herein, material

designated as Highly Confidential Information, and any summary, description or report

containing such Highly Confidential Information, may be disclosed only to the following

persons:

      (i)     the Court, persons employed by the Court, and

stenographers or videographers transcribing or videotaping the testimony or argument at a

hearing, trial or deposition in this action or any appeal therefrom;

5

(ii)     independent consultants and experts who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work.  Independent experts or consultants, as used in this paragraph, means experts or consultants who are not employees or agents of the Receiving party;

(iii)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(iv)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(v)     four (4) in–house legal professionals of each Receiving Party, including any combination of in-house attorneys who are directly responsible for this action and are directly involved in assisting outside counsel in this action, paralegals of such attorneys, and/or clerical employees of such attorneys;

(vi)     party employees, ex-party employees, and/or 30(b)(6) designees for the Producing Party, provided that, with respect to ex-party employees, the ex-party employee was employed by the Producing Party at the time the information, document, or thing containing the Highly Confidential Information was created; and

(vii)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action:

For Rembrandt:

Fish & Richardson P.C.
225 Franklin Street

6

Boston, MA 02110

Ireland, Carroll & Kelley, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 7503

Jones & Jones, Inc., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249

Brown McCaroll, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157

Parker & Clayton
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

For CIBA:

Banner & Witcoff, Ltd.
Ten South Wacker Dr., Suite 3000
Chicago, Illinois 60606

Potter Minton PC
110 N. College, Suite 500
P.O. Box 359
Tyler, Texas 75710

FOR BAUSCH & LOMB:

Vinson & Elkins L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746

Albritton Law Firm
111 West Tyler Street
P.O. Box 2649
Longview, Texas 75606

328713.02

(b)    In addition to the individuals listed in paragraphs 4(a)(i)-(vii), information designated Confidential may be provided to two (2) additional officers or employees of the Receiving Party.

(c)    Subject to paragraph 7, documents and things produced and designated as Confidential or Highly Confidential Information by CIBA shall not be provided, shown, made available, or communicated in any way to Bausch & Lomb with the exception of Bausch & Lomb's outside counsel referred to above in sub-paragraph 4(a)(vii). In addition, documents and things produced and designated as Confidential or Highly Confidential Information by Bausch & Lomb shall not be provided, shown, made available, or communicated in any way to CIBA with the exception of CIBA's outside counsel referred to above in sub-paragraph 4(a)(vii).

5.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(a)(ii) and 4(a)(v), any ex-party employee described in subparagraph 4(a)(vi), and/or any individuals described in subparagraph 4(b) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained until the conclusion of this action including all appeals by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)    Before individuals under subparagraph 4(a)(ii) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to

8

the Producing Party the individual's signed undertaking as well as the individual's curriculum

vitae setting forth his or her name, address, qualifications, relevant work experience and

affiliations. If the Producing Party does not object in writing, within ten (10) business days from

receipt of the undertaking, Confidential Information or Highly Confidential Information may

then be disclosed to the retained consultant or expert. If timely objection is made, the parties

shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the

Producing Party has fifteen (15) days from the date the written objection is sent to bring a motion

to preclude the retained consultant or expert from viewing the Producing Party's Confidential

Information or Highly Confidential Information. If the Producing Party does not bring such a

timely motion, Confidential or Highly Confidential Information may then be disclosed to the

retained consultant or expert.

       (d)     Pursuant to subparagraph 5(c), the disclosure of the identity of a

consulting expert will not be a waiver of any privilege or right to withhold from production that

applies to communications or work product. Furthermore, the parties agree that by stipulating to

the entry of this Protective Order, the parties do not intend to modify in any way the normal

discovery rules applicable to consulting experts.

       6.     Designations of Confidential or Highly Confidential shall constitute a

representation that such information has been reviewed by an attorney for the Producing Party

and that there is a valid basis for such designation. Confidential Information and Highly

Confidential Information shall be maintained by the Receiving Party under the overall

supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts

to ensure that the information and documents governed by this Protective Order are (i) used only

for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any

9

person in possession of Confidential Information or Highly Confidential Information shall

exercise reasonably appropriate care with regard to the storage, custody or use of such

information in order to ensure that the confidential or restricted nature of the same is maintained

and to preclude access by persons who are not entitled to receive such information.

7.     The designation of any document as Confidential Information or Highly

Confidential Information shall not preclude any party from showing the document to any person

(a) who appears to have previously received the document, based on the author, addressee or

other indicia of the document, and is not otherwise shown prior to such disclosure not to have

received the document, (b) who appears to have previously received the document, based on

other information or documents, and is not otherwise shown prior to such disclosure not to have

received the document, or (c) who has been identified by the Producing Party as having been

provided with the document or with the information therein.  It is the intention of this Protective

Order that the following categories of information shall not be and should therefore not be

designated as Confidential Information or Highly Confidential Information: (a) any information

that at the time of its disclosure in this action is part of the public domain by reason of

publication or otherwise; (b) any information that after its disclosure in this action has become

part of the public domain by reason of publication or otherwise through no act, omission or fault

of the Receiving Party; (c) any information that at the time of its disclosure in this action is

rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or

for the Receiving Party under no obligations of confidence to any third party with respect to that

information; or (d) any information that after its disclosure in this action is rightfully received by

the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under

no obligations of confidence or otherwise from any third party having the right to make such

10

disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 8 hereof. In the event that any Confidential Information or Highly Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its status as Confidential Information or Highly Confidential Information through such use.

8.    If a party disagrees with any Confidential Information designation or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

9.    During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this

11

litigation, or which by other information or documents are shown to have been authored or received by the deponent/witness in the normal course of business and outside the context of this litigation.  This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential or Highly Confidential, and regardless whether such person was the author or a recipient of the document.

10.     At the deposition of any individual or corporate representative, such individual or corporate representative may be shown documents designated as Confidential or Highly Confidential  by another party only if the individual or corporate representative appears to have previously received the document, based on the author, addressee or other indicia of the document or based on other information or documents, and is not otherwise shown prior to such disclosure not to have received the document.  This shall not preclude a party employee, ex-party employee (provided that the ex-party employee was employed by the designating party at the time the document was created), or 30(b)(6) designee from being shown documents produced by the party employer or designating party, regardless whether the documents have been designated as Confidential or Highly Confidential, and regardless of whether such person was the author or a recipient of the document.

11.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort

12

to retrieve such material and to prevent further disclosure by the person who received such information.

      12.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 3 hereof, and a statement substantially in the following form:

CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER

CONTENTS SHOULD NOT BE OPENED BY, OR REVEALED TO, ANYONE

OTHER THAN AUTHORIZED COURT PERSONNEL, COUNSEL OF RECORD, OR

OTHER PERSONS AUTHORIZED TO ACCESS THE CONTENTS PURSUANT TO THE

PROTECTIVE ORDER ENTERED IN THIS CASE,

EXCEPT BY WRITTEN ORDER OF THE COURT

Civil Action No. 2:05cv443-TJW

      13.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision thereof.

      14.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

13

15.    (a)    The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence produces or provides discovery of any Confidential Information or Highly Confidential Information without marking it respectively as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or otherwise designating it as Confidential Information or Highly Confidential Information, the producing party may give written notice to the receiving party or parties that the information or material is Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Stipulated Protective Order.  The receiving party or parties must treat such information or material as Confidential Information or Highly Confidential Information as notified from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is Confidential Information or Highly Confidential Information and must be treated in accordance with this Stipulated Protective Order.

(b)     If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or similar exemption from production, the Producing Party may give written notice to the Receiving Party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the Producing Party.  The Receiving Party or parties shall return to the producing party such information or material. The inadvertent production shall not be deemed a waiver or impairment of any claim of privilege or production, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered.  Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

(c)     Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in masked or unmasked form.  Such masking shall be identified on or in the masked area of the document by a label or stamp which states "Redacted."  In the event of disagreement, counsel for the Receiving Party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such portions are believed not subject to the attorney-client privilege or the work-product immunity.  In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the Receiving Party may seek a

15

determination by the Court that such masked portions should be produced. The burden of proving that the material has been properly masked is on the party masking the material.

(d)    If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose Confidential Information or Highly Confidential Information, the Producing Party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Highly Confidential Information subject to the terms of this Stipulated Protective Order. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals Confidential Information or Highly Confidential Information, pictures or tapes shall bear the applicable legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the photograph or videotape itself, and on any exterior packaging of the same.

(e)    If CIBA or Bausch & Lomb produce lenses from any stage in the production process other than fully processed lenses in their commercial packaging during discovery in this case, Rembrandt agrees to treat all such lenses, as well as the results of any tests performed on such lenses, as CONFIDENTIAL. Rembrandt further agrees that any lenses produced by CIBA or Bausch & Lomb in this case will not be used for clinical testing nor will such lenses be placed upon or used in any human eye, animal eye, or introduced into an ocular environment

16

16.    Any violation of the terms of this Protective Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

18.    Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

19.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

20.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential or Highly Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential or Highly Confidential material and shall give prompt written notice to the Producing Party.  Should the person seeking access to the Confidential or Highly

17

Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential or Highly Confidential material covered by this Order.

21.    (a)    Within sixty (60) days after filing of the final judgment in this action, or, if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information and Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party, which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.   If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing. A party to this action which has disclosed Confidential Information or Highly Confidential Information to those persons or entities identified in sub-paragraphs 4(a)(ii)-(v) is responsible for obtaining all document or things containing Confidential Information or Highly Confidential Information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities or to instruct these persons or entities to destroy the Confidential Information or Highly Confidential Information as provided for by this Order, and for disposing of those documents or things in a manner provided for in this paragraph.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery

18

328713.02

request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

22. This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action. This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Stipulated Protective Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

23. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court. Termination of proceedings shall not relieve any person from the obligations of this Stipulated Protective Order, unless the Court orders otherwise.

24. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**Rembrandt Vision Technologies, L.P.,**

       **Plaintiff,**

  **v.**

**1.  Bausch & Lomb Incorporated,**
**2.  CIBA Vision Corporation**

      **Defendants.**

**Civil Action No. 2:05 cv 491-TJW**

**DEMAND FOR JURY TRIAL**

I, _____, hereby declare that:

    1.    My address is _____; and my phone number is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understand the foregoing Stipulated Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matter.

    5.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Information by this Order, as applicable, and will use such information only for purposes of this action.

    6.    Upon final determination of this action, I will return all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a) to the party which has disclosed the Information to me, or I will destroy the Information as instructed by the party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

7.     I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

8.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:_____          _____

                                              [signature]


                                              _____

                                              [print or type name]

21267603

2

328713.02