UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BAUSCH & LOMB INCORPORATED,

                Plaintiff,                6:07-cv-06575-CJS

    v.

CIBA VISION CORPORATION,

                                      **DECLARATION IN SUPPORT
                                      OF MOTION FOR SUMMARY
                                      JUDGMENT**

                Defendant.

---

        DENIS A. POLYN, under penalty of perjury, hereby declares as follows:

        1.      I am the Vice-President & Assistant General Counsel of plaintiff Bausch & Lomb Incorporated ("B&L") and the attorney at B&L primarily responsible for supervising the patent infringement suit initiated by Rembrandt Vision Technologies, L.P. ("Rembrandt") in the United States District Court for the Eastern District of Texas, <u>Rembrandt Vision Technologies, L.P. v. Bausch & Lomb Incorporated and CIBA Vision Corporation, No. 2:05-CV-491(TJW)</u> (the "Lawsuit") and this action. I make this declaration in support of B&L's motion for summary judgment against CIBA Vision Corporation ("CIBA") seeking an Order: (1) finding that CIBA breached the Common Interest Agreement between B&L and CIBA by retaining B&L's confidential information; and (2) declaring that B&L's settlement with Rembrandt does not violate that Agreement.

### A.     CIBA has failed to return B&L's confidential information.

2. Rembrandt instituted the Lawsuit on or about October 21, 2005, accusing B&L and CIBA of infringing U.S. Patent No. 5,712,327. Because B&L and CIBA believed that it was in their respective best interests to exchange certain information, share certain of their individual work product, and cooperate in certain endeavors in defending the Lawsuit,

**REDACTED**

3.                                  **REDACTED**

4.                                  **REDACTED**

5.

**REDACTED**

6. On October 9, 2007, B&L timely notified CIBA of the settlement with Rembrandt

**REDACTED**

7. On or about October 11, 2007, Rembrandt filed with the Eastern District of Texas a Stipulated Motion for Dismissal with Prejudice dismissing its claims against B&L. That motion was granted by the Texas District Court on or about October 17, 2007.

8. On October 30, 2007, immediately following the settlement, counsel for B&L in the Lawsuit, Vinson & Elkins LLP, returned to CIBA all of the confidential materials exchanged pursuant to the parties' and stated that "neither B&L nor V&E [Vinson & Elkins] will be maintaining electronic or hard copies of these materials – please notify us immediately if you object." A copy of the October 30, 2007 letter from Stephen M. Hash to Thomas K. Pratt is attached as Exhibit "C".

9. By letter dated November 1, 2007, CIBA wrote B&L objecting to B&L's tender of the materials and requested that B&L preserve all materials exchanged with or received from CIBA, including, but not limited to, electronic mail. CIBA also requested that "all communications between any Rembrandt entity and Bausch & Lomb, including but not limited to their attorneys, agents, advisors and representatives, be preserved in native format. This retention will, of course, require an instruction to the appropriate custodians that any auto-delete program be suspended immediately to the extent such measures have not already been employed." A copy of the letter from Thomas K. Pratt to Stephen M. Hash, outside counsel for B&L, is attached as Exhibit "D".

10. By letter dated November 6, 2007, B&L wrote CIBA stating that, by returning the materials exchanged pursuant to the **REDACTED**, it had complied with its **REDACTED**, and that CIBA, through its November 1, 2007 letter, was requiring B&L to disregard its express **REDACTED**. A copy of Stephen M. Hash's November 6, 2007 letter to Thomas K. Pratt is attached as Exhibit "E".

11. B&L's November 6, 2007 letter further noted that it had neither breached the **REDACTED** nor disclosed any CIBA confidential or privileged information to Rembrandt. (Exh. "E", at ¶ 1.)

3

12. B&L has fully performed its obligations **REDACTED** by offering to return CIBA's confidential information. CIBA, on the other hand, has not returned B&L's privileged information.

13. **REDACTED**

B&L notified CIBA of the settlement with Rembrandt on October 9, 2007, thereby withdrawing from, and terminating, the **REDACTED**. On or about October 17, 2007, the Texas District Court granted Rembrandt's Stipulated Motion for Dismissal with Prejudice dismissing its claims against B&L. As such, the Lawsuit has ended as to B&L, terminating the Agreement and requiring CIBA to return B&L's confidential information.

**B. B&L's settlement with Rembrandt does not violate the Common Interest Agreement.**

14. **REDACTED**

15. The Eastern District of Texas granted CIBA's motion to use the Master Agreement for the limited purpose of prosecuting a Delaware action on December 19, 2007,

4

stating that "Ciba represented to the court that it intends to prosecute 'an action against Bausch & Lomb (and possibly others) in the State of Delaware' arising from the settlement agreement reached between Bausch & Lomb and Rembrandt . . . in this case. . . ." (Attached as Exhibit "F" is the December 19, 2007 Order in No. 2:05-CV-491(TJW).)

16.                                              **REDACTED**

17.                                              **REDACTED**

18.                                              **REDACTED**

. Rembrandt's patent infringement claims and CIBA's invalidity claims were tried to a jury from January 31, 2008 until February 6, 2008. (Attached as Exhibit "G" is a copy of the relevant portions of the Docket in No. 2:05-CV-491(TJW), Docket Entry

Nos. 344 through 362.) The jury found the patent-in-suit valid and infringed, and awarded Rembrandt approximately $40 million in damages. (A copy of the jury verdict form in No. 2:05-CV-491(TJW) is attached as Exhibit "H".) The Texas District Court held an inequitable conduct hearing on March 27, 2008 and CIBA has filed several motions for JMOL under seal.                **REDACTED**

19.                                    **REDACTED**

20.                                    **REDACTED**

. I also filed a declaration in the Texas proceeding stating that I will recuse myself from any injunctive proceeding in that litigation     **REDACTED**    Furthermore, B&L's trial counsel for the Rembrandt matter, Vinson & Elkins, will also recuse themselves for any injunctive proceeding in that litigation.

**REDACTED**

Dated: April 10, 2008

*/s/Denis A. Polyn*
DENIS A. POLYN
