# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED,

                                        Plaintiff,

                                                                    07-CV-6575-CJS
                        -vs-
                                                                    DECISION & ORDER
CIBA VISION CORPORATION,

                                        Defendant.

## APPEARANCES

For Plaintiff:                          Gregory J. McDonald, Esq.
                                        Laura W. Smalley, Esq.
                                        Paul J. Yesawich, III, Esq.
                                        Harris Beach PLLC
                                        99 Garnsey Road
                                        Pittsford, NY 14534
                                        (585) 419-8726

For Defendant:                          K. Wade Eaton, Esq.
                                        Chamberlain, D'Amanda, Oppenheimer & Greenfield
                                        1600 Crossroads Building
                                        Two State Street
                                        Rochester, NY 14614
                                        (585) 232-3730

## INTRODUCTION

**Siragusa, J.**  This case is before the Court on CIBA Vision Corporation's ("CIBA")

motion (Docket No. 6) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and

(b)(6) on the grounds that the Court lacks subject matter jurisdiction, and that the complaint

fails to state a cause of action upon which relief can be granted. In the alternative, CIBA

seeks an order transferring this action to the Eastern District of Texas pursuant to 28

U.S.C. § 1404(a). For the reasons stated below, the Court determines that the complaint

meets the jurisdictional threshold of $75,000, that it states causes of action sufficiently to avoid dismissal, and that the alternative relief is not warranted. Further, the Court grants Bausch & Lomb's letter request to extend the time for filing a response to CIBA's motion for summary judgment.

## BACKGROUND

For the purpose of adjudicating the pending motion to dismiss, the Court assumes all the allegations in the complaint are true and views them in the light most favorable to Bausch & Lomb, the non-moving party.  *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989). Because the parties have signed a non-disclosure agreement, this factual background will be sparse in detail. Bausch & Lomb alleges that CIBA has breached a contract between them by failing to comply with one of its terms, and as a result, Bausch & Lomb is seeking specific performance of the contract as well as damages alleged to be in excess of $75,000.

## STANDARDS OF LAW

### *Jurisdiction*

Jurisdiction is based on 28 U.S.C. § 1332, which states in pertinent part as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state…." 28 U.S.C. § 1332(a)(1)[1] and (2) (2005). Since there is no controversy over diversity, the Court's analysis is controlled by the U.S. Supreme Court's "legal certainty" test:

---

[1]Bausch & Lomb claims jurisdiction under subdivision (2), but it would appear that subdivision (1) is the more appropriate one since they also state that the suit is "is between a citizen of New York and a citizen of Georgia." (Compl. ¶ 4.)

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted).

### *Motion to Dismiss*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (May 21, 2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the

nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co*., 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

### Change of Venue

Pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. A motion to transfer venue rests within the sound discretion of the district court. *Schwartz v. R.H. Macy's, Inc.*, 791 F. Supp. 94, 94 (S.D.N.Y. 1992). Factors the court should consider include: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995); *Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F. Supp. 1247, 1250-51 (S.D.N.Y. 1995); *Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 617 (S.D.N.Y. 1995).

### ANALYSIS

The Court will first turn to CIBA's argument that Bausch & Lomb cannot in good faith claim damages in excess of $75,000, the jurisdictional threshold for a diversity action.  At

oral argument, counsel for Bausch & Lomb stated that the amount claimed relates primarily to the underlying lawsuit in Texas[2] with resulted in a $40,000,000.00 verdict. Although Bausch & Lomb has the burden of proof on the question of jurisdiction, it need only demonstrate that it appears to a "reasonable possibility" that the claim is in excess of the statutory jurisdictional amount. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). In a case decided when the jurisdictional threshold was $50,000, the Second Circuit wrote,

> This Court recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. *See Tongkook*, 14 F.3d at 785-86 ("the right of recovery is uncertain, the doubt should be resolved…in favor of the subjective good faith of the plaintiff." (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957))). Moreover, there has been no argument presented or finding made that the jurisdictional allegations of the complaint were made in bad faith in an attempt to feign jurisdiction. In any event, to demonstrate a filing in bad faith, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul* [*Mercury Indemnity Co. v. Red Cab Co.*], 303 U.S. [283] at 289. Legal certainty is analyzed by what appears on the face of the complaint….

*Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). The Court determines that based on the Second Circuit case law quoted above, CIBA has failed to rebut the presumption that the claim of $75,000.00 in damages was made in good faith. Accordingly, the Court rejects CIBA's contention that the complaint must be dismissed because it does not meet the jurisdictional requirements of 28 U.S.C. § 1332.

CIBA next argues that dismissal is required because the complaint fails to state a cause of action upon which relief can be granted. The Court is not persuaded that the

---

[2]The Rembrant suit against Bausch & Lomb and CIBA begun in 2005. *Rembrant Vision Technologies, L.P. v. Bausch & Lomb Inc. and CIBA Vision Corp.*, No. 2:05-CV-491 (TJW) (E.D. Texas).

complaint does not plausibly claim that the contract between the parties is now terminated, thus requiring CIBA to comply with the return of information clause. Further, with regard to the declaratory judgment claim, counsel for Bausch & Lomb clarified at oral argument that they seek a declaration that Bausch & Lomb's conduct[3] did not violate the contract. CIBA claims that the declaratory judgment cause of action is not yet justiciable. However, it does appear to the Court that this is a case in controversy under the declaratory judgment act.[4]

Finally, addressing CIBA's motion to change venue, the Court determines that after reviewing all the factors outlined above, venue is proper here. CIBA argues that judicial economy and the interests of justice should weigh most heavily and require a transfer to Texas where an underlying suit is still ongoing. During oral argument, counsel for CIBA clarified that CIBA based its argument primarily on the fact that the two key agreements involved in this lawsuit were both executed in the course of the Texas litigation. Bausch & Lomb points out that the Texas court order permits CIBA to utilize an agreement,[5] and, with further leave of that court, "relevant confidential information," in any separate action against

---

[3]Bausch & Lomb's contention is that neither its conduct in settling the lawsuit with Rembrant, separately from CIBA, nor the terms of that settlement, violated the contract between Bausch & Lomb and CIBA. The settlement contemplates that Bausch & Lomb will eventually seek an injunction against CIBA, its joint tortfeasor.

[4]Bausch & Lomb faces the real possibility of defending a lawsuit against it based on its act of settling the underlying litigation in which both it and CIBA were co-defendants. The Texas court order, discussed in more detail below, indicates quite clearly that CIBA sought permission to use certain confidential information obtained from that lawsuit to bring a new suit against Bausch & Lomb in Delaware. *See* Order, *Rembrant Vision Technologies*, L.P. v. Bausch & Lomb, Inc., No. 2:05-CV-491 (TJW) (E.D. Texas Dec. 19, 2007) (filed under seal) (attached to Docket No. 33-3, at 2) ("Ciba represented to the court that it intends to prosecute 'an action against Baush & Lomb (and possibly others) in the State of Delaware' arising from the settlement agreement reached between Baush & Lomb and Rembrandt Vision Technologies, L.P. in this case (the 'Settlement Agreement')").

[5]The Master Agreement.

Bausch & Lomb. However, the Texas court order does not relate or refer to any privileged materials, which are the subject of the action here.[6] Consequently, the Court does not believe that any judgment it may issue in this litigation would conflict with the Texas court order.

Moreover, consideration of the other factors previously identified does not compel the Court to conclude that transfer to Texas is warranted. Neither party resides in Texas and, in fact, Bausch & Lomb's witnesses and corporate officers reside in this district.[7] The location of relevant documentary proof also weighs in favor of this district. Such records are primarily to be found in New York, Delaware, New Jersey, Georgia, Illinois, Massachusetts and Pennsylvania. Neither side has argued that the relative means of the parties favor one jurisdiction over another, and CIBA has not provided any information to show that necessary witnesses or evidence would be unavailable in this venue. The agreement under consideration is controlled by Delaware law, and this Court is as competent to interpret and apply that jurisdiction's law as is the Eastern District of Texas. Finally, Bausch & Lomb chose this venue, its home district, and, "[i]n ruling on a motion to transfer venue, the trial judge is to give the plaintiff's choice of venue substantial consideration." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004) (citing *Warrick v. Gen. Elec. Co.*, 70 F.3d 736, 741 (2d Cir. 1995)). Accordingly, the Court declines to transfer the case to the Eastern District of Texas.

---

[6]This is in reference to the privileged materials exchanged between Bausch & Lomb and CIBA pursuant to their Common Interest Agreement, the return of which from CIBA Bausch & Lomb now seeks in the present lawsuit. Order, *Rembrant Vision Technologies, L.P. v. Bausch & Lomb, Inc.*, No. 2:05-CV-491 (TJW) (E.D. Texas Dec. 19, 2007) (filed under seal) (attached to Docket No. 33-3, at 2.)

[7]Bausch & Lomb's vice president and assistant general counsel, Denis A. Polyn, Esq., notes in his supporting declaration (Docket No. 33-2), that the only witnesses in Texas are Bausch & Lomb's outside counsel, Vinson & Elkins LLP, in Austin.

**CONCLUSION**

CIBA's motion (Docket No. 6) to dismiss the complaint, or, in the alternative, to transfer the case to the Eastern District of Texas, is denied.

CIBA, through its letter of July 2, 2008, requested an extension to file a response to Bausch & Lomb's separate motion (Docket No. 25) for summary judgment, and Bausch & Lomb, through its letter dated July 8, 2008, opposed any extension. The original date for CIBA's response to the summary judgment motion was June 20, 2008, which, on June 20, the Court extended to July 7. The Court grants CIBA's request. The Court's previous motion scheduling order (Docket No. 34) and letter order (Docket No. 35) are modified as follows: CIBA's response to Bausch & Lomb's summary judgment motion (Docket No. 25) is due by July 31, 2008. Oral argument remains scheduled for August 14, 2008 at 3:30 p.m.

IT IS SO ORDERED.

Dated:   July 21, 2008
          Rochester, New York

ENTER:

 /s/ Charles J. Siragusa
Charles J.  Siragusa
United States District Judge