UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BAUSCH & LOMB INCORPORATED,

                                      Plaintiff,

               -vs-                                CORRECTED
                                                          DECISION & ORDER
                                                          07-CV-6575-CJS

CIBA VISION CORPORATION,

                                      Defendant.

---

**APPEARANCES**

For Plaintiff:                          Gregory J. McDonald, Esq.
                                        Laura W. Smalley, Esq.
                                        Paul J. Yesawich, III, Esq.
                                        Harris Beach PLLC
                                        99 Garnsey Road
                                        Pittsford, NY 14534
                                        (585) 419-8726

For Defendant:                      K. Wade Eaton, Esq.
                                        Chamberlain, D'Amanda, Oppenheimer & Greenfield
                                        1600 Crossroads Building
                                        Two State Street
                                        Rochester, NY 14614
                                        (585) 232-3730

**INTRODUCTION**

    **Siragusa, J.**  This case is before the Court on Bausch & Lomb Incorporated's ("Bausch & Lomb") motion (Docket No. 25) for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court grants the application in part, and denies it in part.

## BACKGROUND

Bausch & Lomb and CIBA Vision Corporation ("CIBA") were co-defendants in a patent infringement lawsuit in the District Court for the Eastern District of Texas. Complaint, *Rembrant Technologies, L.P. v. Bausch & Lomb and CIBA Vision Corp.*, No. 2:05-CV-491 (TJA) (E.D. Tex. Oct. 21, 2005). Recognizing their common interest in defending against Rembrandt's claims in the Texas lawsuit, they entered into what they entitled the Common Interest Agreement ("Agreement"). (Common Interest Agreement (effective Dec. 19, 2005), attached to Compl. As Ex. A.) The Agreement allowed competitors, Bausch & Lomb and CIBA, to exchange confidential information, and required them to preserve each other's confidences in the information exchanged.

> 5. Each Party agrees to inform the other promptly if and when one of them becomes aware of facts or circumstances under which there may no longer be a community of interest that will support a Joint Defense Privilege....
>
> 10. This Agreement shall continue to be in full force and effect notwithstanding the withdrawal from or discontinuance of participation in the Joint Defense Efforts by any Party to this Agreement. Any Party which withdraws from or discontinues participation in the Joint Defense Efforts shall remain bound by this Agreement for any joint defense activities undertaken up to the date of withdrawal....
>
> 11. Settlement. The Parties are free, subject to the confidentiality and other relevant provisions of this Agreement, to negotiate and enter into whatever settlement with respect to the Lawsuit that is deemed appropriate. Any party reaching a settlement with respect to the Lawsuit shall inform the other Parties within 48 hours of the settlement, although the terms of the settlement may be kept confidential...
>
> 16. Choice of Law; Venue; Severability. This Agreement shall be governed and construed in accordance with the laws of the State of Delaware (without regard to itl; choice of law rules) and the parties hereby agree to submit themselves Ito the personal jurisdiction and venue of all federal and state courts within such State, but only in connection with disputes relating to the

> terms of this Agreement that may arise between Parties to this Agreement. If any provisic,n of this Agreement is deemed invalid or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.…
>
> 20. Upon any termination of this agreement, both Parties must promptly return all written Privileged Information to the other (without retaining any copies) and, for the term of the Patent, shall remain subject to the obligations imposed by paragraph 3 with respect to any and all Privileged Information exchanged or received from the other Party prior to termination.

(Agreement ¶¶ 5, 10, 11 & 20.) Subsequent to entering into the Agreement, Bausch & Lomb settled with Rembrandt on terms and conditions that, once effectuated, would undisputably place Bausch & Lomb at odds with CIBA. Thereafter, the case was tried to a jury and a verdict was rendered against CIBA finding the patent at issue both valid and infringed.

## STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See*

*Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*,

804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R. CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

To resolve Bausch & Lomb's motion for summary judgment, the Court need look no further than the Common Interest Agreement, which by consent of the parties, the Court now unseals. The Court first turns its attention to Bausch & Lomb's contention that it is entitled to summary judgment on its claim that CIBA breached the Agreement by retaining Bausch & Lomb's confidential information. CIBA counters that under paragraph 10 of the Agreement, it was entitled to retain Bausch & Lomb's confidential information until such time that the agreement was terminated. Moreover, CIBA maintains that termination could only occur in one manner—final resolution of the Texas lawsuit as to *all* parties through final appeal. The Court, however, disagrees with CIBA's position.

Under Delaware[1] law, "[a] court must interpret contractual provisions in a way that gives effect to every term of the instrument, and that, if possible, reconciles all of the provisions of the instrument when read as a whole." *Council of Dorset Condominium Apartments v. Gordon*, 801 A.2d 1, 7 (Del. Supr. 2002). CIBA's interpretation, that the Agreement may only be terminated in one way, is at odds with this basic principle of Delaware law since paragraph 20 of the Agreement reads, "[u]pon *any* termination of this

---

[1] As specified in paragraph 16 of the Agreement, Delaware law applies.

Case 6:07-cv-06575-CJS    Document 51    Filed 09/17/2008    Page 6 of 7


agreement….." (Agreement ¶ 20 (emphasis added).) The use of the word "any" plainly means there can be more than one way to terminate the Agreement. Further, the introductory paragraphs of the Agreement establish that Bausch & Lomb's and CIBA's common interest was based upon their status as codefendants in the Texas litigation. Upon settlement with Rembrandt, Bausch & Lomb was no longer a codefendant in the litigation, and thus, it's "common interest" in the litigation with CIBA was extinguished. Paragraph 10 does not speak to "termination of this agreement," as does paragraph 20; it only speaks to "withdrawal from or discontinuance of participation in the Joint Defense Efforts…." (Agreement ¶¶ 20, 10.) Consistent with the direction of Delaware law, that a court should reconcile all of the provisions of a contract if possible, the Court finds that "termination" is something different from "withdrawal or discontinuance." Consequently, the Court concludes that upon Bausch & Lomb's settlement with Rembrandt, it was no longer a codefendant with CIBA and at that point, the Agreement was terminated. Upon such termination, CIBA was obligated to promptly return Bausch & Lomb's confidential information. To date, it has not done so. Thus, Bausch & Lomb is entitled to judgment as a matter of law.

As to the declaratory judgment action, there is an issue of fact as to whether or not Bausch & Lomb violated paragraph 5 of the Agreement by failing "to inform the other promptly if and when one of them becomes aware of facts or circumstances under which there may no longer be a community of interest that will support a Joint Defense Privilege." (Agreement ¶ 5.) There is no dispute that Bausch & Lomb's settlement with Rembrandt was inconsistent with a "community of interest" with CIBA. However, Bausch & Lomb contends, as clarified during oral argument, that it complied with this provision by notifying

CIBA when it reached an agreement in principle with Rembrandt. Paragraph 10, though, uses the word, "may." According to the dictionary, "may" means "likelihood or possibility." (Webster's II New College Dictionary (1995) at 677.) Whether Bausch & Lomb's notification to CIBA at the point it reached settlement with Rembrandt in principle amounted to the prompt notification required by paragraph 10, presents a material question of fact.

## CONCLUSION

Bausch & Lomb's motion for summary judgment (Docket No. 25) is granted in part. Bausch & Lomb is entitled to judgment with regard to CIBA's violation of the Common Interest Agreement, but a material question of fact precludes entry of judgment on the issue of whether Bausch & Lomb's settlement with Rembrandt violated the Agreement. Further, on consent of the parties, the Common Interest Agreement is unsealed.

    IT IS SO ORDERED.

Dated:  September 9, 2008
         Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge